IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

MANUEL ALBERTO ACOSTA
5815 Goucher Drive
Berwyn Heights, MD 20740

      Plaintiff,

v.

M.B. PAINTING, INC.
6525 19th Place
Hyattsville, MD 20782

MIGUEL BENAVIDES
6525 19th Place
Hyattsville, MD 20782

      Defendants.

Civil Action No. _____

## COMPLAINT

### Introduction

1.     Defendants own a construction firm that employed plaintiff as a carpenter. During the last 2 years, defendants failed to pay plaintiff overtime compensation for his overtime hours. Defendants also failed to pay plaintiff a prevailing wage for construction work performed on federal buildings in the District of Columbia.

2.     Plaintiff brings this action to recover damages for defendants' willful failure to pay overtime and prevailing wages in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because defendants do business in this district, and a substantial part of the acts or omissions giving rise to plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff is an adult resident of Maryland.

6. Defendant M.B. Painting, Inc. ("M.B. Painting") is a Maryland corporation with its principal place of business at 625 19th Place, Hyattsville, MD 20782. M.B. Painting is not registered to do business in the District of Columbia. M.B. Painting's Maryland resident agent for service of process is defendant Miguel Benavides.

7. Defendant Miguel Benavides is a resident of Maryland.

8. Miguel Benavides is the owner of defendant M.B. Painting. He exercises exclusive control over the operations of M.B. Painting, including control over M.B. Painting's pay practices.

**Factual Allegations**

9. Defendants' business performs construction and remodeling work.

10. In or about February 2014, plaintiff was interviewed and hired by defendant Miguel Benavides to work for defendants.

11.     Miguel Benavides agreed to pay plaintiff $12 per hour.

12.     Plaintiff was employed by defendants as a carpenter. His duties included hanging drywall, drywall finishing, framing, and painting.

13.     Plaintiff was employed by defendants from approximately February 2014 through February 2015.

14.     While employed by defendants, plaintiff worked primarily in Washington, DC.

15.     Plaintiff performed work on DC projects that included the U.S. Securities and Exchange Commission building at 100 F Street NW, an office building at 718 7th Street NW, and the Shake Shack restaurant in Union Station.

16.     Plaintiff frequently worked over 40 hours per workweek for defendants.

17.     Plaintiff frequently worked on federal government construction projects subject to the prevailing wage rates of the Davis Bacon Act, 40 U.S.C. 3141 *et seq.*

18.     Over the course of his employment by defendants, plaintiff estimates that he worked approximately 450 overtime hours.

19.     Over the course of his employment by defendants, plaintiff estimates that he worked approximately 300 hours as a carpenter on the U.S. Securities and Exchange building at 100 F Street NW.

20.     Miguel Benavides personally paid plaintiff every week by check. This check was not accompanied by a paystub.

21. On information and belief, defendants failed to make appropriate employer-side tax contributions for the wages embodied by these checks.

22. Defendants always paid plaintiff $12.00 per hour, regardless of whether plaintiff worked more than 40 hours in a workweek, or whether plaintiff worked on federal government construction projects subject to prevailing wage laws.

23. Defendants never paid plaintiff overtime, or one and one half his regular hourly rate for hours worked in excess of 40 in any one workweek.

24. Defendants never paid plaintiff prevailing wages, or wages required to be paid by the Davis Bacon Act for work performed on federal government construction projects.

25. At all relevant times, federal and D.C. law required defendants to pay plaintiff one and one half times the minimum wage for all hours worked over 40 in any one workweek.

26. At all relevant times, federal and D.C. law required defendants to pay plaintiff a prevailing wage of $34.94 for carpentry work performed on federal buildings in the District of Columbia.

27. At all relevant times, defendants had more than two employees and the annual gross volume of defendants' business exceeded $500,000.00.

28. At all relevant times, defendants had the power to fire plaintiff.

29. At all relevant times, defendants had the power to control plaintiff's work schedule.

30. At all relevant times, defendants had the power to set plaintiff's rate of pay.

31.     At all relevant times, defendants did not maintain true and accurate records of each hour, day, and week worked by plaintiff, or of how much plaintiff was paid for his work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to plaintiff will only be known through discovery.

32.     At all relevant times, defendants were aware that they were legally required to pay plaintiff a prevailing wage rate of $34.94 per hour for carpentry work performed at the Securities and Exchange Commission building at 100 F Street NW.

33.     At all relevant times, defendants were aware that they were legally required to pay plaintiff one and one half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

34.     At all relevant times, defendants were aware that they were legally required to timely pay plaintiff all wages that he was legally due.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

35.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

36.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C. § 207(a)(1).

37.     Defendants violated the FLSA by knowingly failing to pay plaintiff at least one and one-half times plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one work week.

38. Defendants' violations of the FLSA were willful.

39. For their violations of the FLSA, defendants are liable to plaintiff for unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

40. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

41. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. D.C. Code § 32-1003(c).

42. Defendants violated the DCMWA by knowingly failing to pay plaintiff one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one work week.

43. Defendants' violations of the DCMWA were willful.

44. For their violations of the DCMWA, defendants are liable to plaintiff for unpaid overtime compensation, an amount equal to three times the amount of unpaid overtime wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

45. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

46. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

47. For purposes of the DCWPCL, "wages" include, among other things, both overtime wages and prevailing wages required under federal law. D.C Code § 32-1301(3).

48. Defendants violated the DCWPCL by knowingly failing to pay plaintiff all wages earned, including overtime wages and prevailing wages.

49. Defendants' violations of the DCWPCL were willful.

50. For their violations of the DCWPCL, defendants are liable to plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against the defendants, jointly and severally, on all counts, and grant the following relief:

a. Award plaintiff **$40,622.00**, consisting of the following overlapping elements:

   i. $5,400.00, consisting of unpaid overtime wages ($2,700.00), plus an equal amount as liquidated damages ($2,700.00), pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      $10,800.00, consisting of unpaid overtime wages ($2,700.00), plus an amount equal to three times the amount of unpaid wages as liquidated damages ($8,100.00), pursuant to the DCMWA, D.C. Code § 32-1012b;

      iii.     $10,800.00, consisting of unpaid overtime wages ($2,700.00), plus three times the amount of unpaid wages earned as liquidated damages ($8,100.00), pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

      iv.     $29,822.00, consisting of unpaid prevailing wages ($7,455.50), plus three times the amount of unpaid wages earned as liquidated damages ($22,366.50), pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.    Award plaintiff prejudgment and postjudgment interest as permitted by law.

c.    Award plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d.    Award plaintiff court costs; and

e.    Award any additional relief the Court deems just.

Date: 04/23/2015                              Respectfully submitted,

                                                                                   <u>/s/ Justin Zelikovitz, Esq.</u>
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street, NW; Second Floor
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

9